198 So.2d 739 (1967)
Paul BYERS and New Amsterdam Casualty Company
v.
Robert C. CREEL, Sam Hudgins and Fireman's Fund Insurance Company.
No. 2640.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1967.
*740 Lemle & Kelleher, Shirley C. Friend, Jr., New Orleans, for plaintiffs-appellants.
Ungar, Dulitz & Martzell, James A. Wysocki and John R. Martzell, New Orleans, for Robert C. Creel, defendant-appellee.
Curtis, Foster & Dillon, Gerard M. Dillon, New Orleans, for Fireman's Fund Ins. Co., defendant-appellee.
Before McBRIDE, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit resulting from an intersectional collision between a Volkswagen owned and driven by Paul Byers and a Ford Thunderbird owned by Sam Hudgins and driven by Robert C. Creel, Jr., a minor. There are two plaintiffs, the driver of the Volkswagen and New Amsterdam Casualty Company, subrogated collision insurer of that vehicle. The former seeks recovery for personal injuries and the sum of $100 paid by him for property damages to his vehicle under the deductible provision of his insurance policy; the latter seeks the sum of $940.13, the amount paid by it for said property damages. Named defendants are Robert C. Creel, father of the minor driver of the Ford, Hudgins, Fireman's Fund Insurance Company, liability insurer of the elder Creel under an automobile policy covering a vehicle not involved in the collision, and (by amended petition) Hartford Accident & Indemnity Company, alleged liability insurer of Hudgins.
Defendants Creel and Fireman's filed answers denying negligence on the part of their driver, young Creel, and alternatively pleading contributory negligence on the part of Byers. In addition, Fireman's pleaded an absence of coverage under its policy with the elder Creel. Because Hudgins, a seaman, had not been served at the time of trial plaintiff's right against Hudgins and Hartford were reserved and the matter was tried only as to the other two defendants.
After trial there was judgment against the plaintiffs, dismissing their suit. The judgment is based on a finding of negligence on the part of the plaintiff driver. Plaintiffs have appealed.
The collision occurred on September 25, 1963 at approximately 5 p. m. in the intersection of Roosevelt Boulevard and Fifteenth Street in the City of Kenner, Louisiana. The weather was clear and it was still broad daylight. At that time Roosevelt *741 was a gravel street, intended to be a boulevard but incomplete as such, with two lanes for moving traffic on each side of a grassy area designed as a neutral ground. Extensive sewerage construction work recently had been done on Roosevelt. Fifteenth was also a gravel street. Insofar as the respective drivers in this accident are concerned, because of the growth of trees and other vegetation, the intersection was a blind one and neither driver could see approaching traffic on the intersecting street until after he had entered the intersection.
The plaintiff vehicle was proceeding on Roosevelt at a speed of 20 miles per hour in a northerly direction and in the lane which we can best describe as the one closer to the neutral ground. Its driver, Byers, did not observe Fifteenth for possible approaching traffic; he was engaged in dodging holes in Roosevelt, the result of the sewerage construction work, and as he reached Fifteenth was concerned particularly with a large, deep hole in his path just on the opposite side of the intersection. He entered the intersection without stopping and without reducing speed. He first saw the defendant Ford after the latter had entered the intersection and just before the front of that vehicle struck the right rear side of the plaintiff Volkswagen, turning it over on its side. The Volkswagen, which had continued traveling in the neutral ground lane, had almost completed its crossing of the intersection when the collision took place.
Young Creel, driver of the defendant vehicle, had obtained his driver's license only two days before the accident. He was traveling on Fifteenth in a westerly direction. He did not stop at Roosevelt; but he did reduce his speed to approximately 10 miles per hour before entering the intersection. He did not discover the approaching plaintiff Volkswagen until it was only about 35 feet away. At that time he applied his brakes in a vain attempt to avoid the collision.
We first consider the question of negligence on the part of the plaintiff driver. If he was guilty of negligence, either primary or contributory, which was a proximate cause of the collision, plaintiffs are barred from a recovery, the judgment appealed from is correct, and a consideration of negligence on the part of the defendant driver, and of the issue involving coverage under Fireman's policy, becomes unnecessary.
Plaintiffs contend their driver was not guilty of negligence because he had the right-of-way due to the fact that Roosevelt was the favored street over Fifteenth and, alternatively, because he preempted the intersection. We do not agree with either contention.
No state statute or ordinance of either the City of Kenner or the parish in which that city is located, Jefferson, has been called to our attention, and we know of none, which designated Roosevelt as a right-of-way or favored street over Fifteenth at the time of the accident; nor was there a stop sign or other similar device at the intersection requiring traffic on Fifteenth to stop before entering Roosevelt or to yield to approaching Roosevelt traffic. Under these circumstances the two streets were of equal dignity and neither was favored. State Farm Mut. Auto. Ins. Co. v. Niagara Fire Ins. Co., La.App., 183 So. 2d 145; National Retailers Mutual Insurance Co. v. Harkness, La.App., 76 So.2d 95; Lake Charles Stevedores, Inc. v. Streater, La.App., 6 So.2d 242; LSA-R.S. 32:41, 32:42. Indeed, contrary to plaintiffs' contention, under LSA-R.S. 32:1(57) and 32:121 (B), providing that when two vehicles enter an intersection at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right, it appears that the defendant vehicle, rather than the plaintiff car, enjoyed the right-of-way. Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., La.App., 137 So.2d 366; Briscoe v. State Farm Mutual *742 Automobile Ins. Co., La.App., 134 So.2d 128.
As to preemption, as this court said in Musco v. General Guaranty Insurance Company, La.App., 181 So.2d 881, 883:
"Before a motorist successfully can rely on the doctrine of pre-emption he must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection at the same time or just a fraction of a second ahead of the other vehicle does not create a pre-emption. Scott v. Glazer, La.App., 164 So.2d 185; Glass v. Toye Brothers Yellow Cab Company, La.App., 160 So.2d 329; Bell v. Duplessis, La.App., 150 So. 2d 114."
In the instant case, especially in view of the fact that the plaintiff driver entered the intersection at a higher rate of speed than did the defendant driver and the latter applied his brakes while the former did not do so, it is apparent that the two vehicles entered the intersection at approximately the same time. Under these circumstances the doctrine of preemption has no application.
We have no doubt that, in entering a blind intersection at a speed of 20 miles per hour without first ascertaining whether or not it was safe to do so, and indeed without any regard for, or any attempt to observe, approaching traffic on the intersecting street, the plaintiff driver was guilty of negligence which proximately caused the accident and bars any recovery by the plaintiffs. Westchester Fire Insurance Company v. Dardar, La.App., 158 So.2d 239; Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., supra; Lambert v. Rogers, La.App., 109 So.2d 120; Cappo v. Baker, La.App., 91 So.2d 611.
The judgment appealed from is affirmed.
Affirmed.