REGAN, Judge.
The plaintff, Wilbert James, filed this suit against the defendants, Sandra Sue McManus, Lawrence McManus, her husband, and the Employers Liability Assurance Corporation, their insurer, endeavoring to recover the sum of $26,321.71, representing his claim for personal injury and property damage which he asserts he incurred as the result of a collision between their respective vehicles in the intersection of Erato and South Roman Streets in the City of New Orleans.
The defendants answered and denied the plaintiff’s accusations of negligence in connection with the foregoing accident. The Employers Liability Assurance Corporation then reconvened in an endeavor to recover the sum of $472.74, representing the amount expended by it to repair the damages incurred in the collision by the McManus vehicle.
From a judgment dismissing both the principal and the reconventional demands, only the plaintiff has prosecuted this appeal.
The record discloses that the plaintiff, Wilbert James, was operating his automobile in Erato Street in the general direction of the Mississippi River. Simultaneously the defendant was driving her vehicle in the South Roman Street in an uptown or easterly direction. The two vehicles entered the intersection and collided at approximately the center thereof.
The intersection is not controlled by traffic signs or signals of any kind, and both streets are of equal dignity with 20 miles per hour speed limits.
The defendants do not quarrel with the lower court’s conclusion that Mrs. Mc-Manus was guilty of negligence in the operation of her vehicle. However, the plaintiff insists that the trial judge erred in finding that he was guilty of any negligence since he entered the intersection from the defendant’s right at a lawful rate of speed.
Mrs. McManus testified that she came to a stop at the corner, looked both ways, saw nothing approaching, and then proceeded to cross the intersection when the accident occurred. The evidence discloses that she entered the intersection a split second before the plaintiff did. She estimated her speed at only 5 to 10 miles per hour since she had accelerated from a full stop.
The plaintiff, on the other hand, related two versions of the accident. Initially he stated that he came to a full stop and then drove across the intersection. He then asserted that he entered the intersection at a speed of 15 to 20 miles an hour after carefully looking in both directions.
The evidence is absolute to the effect that neither motorist observed the approach of the other until the collision had, for all practical purposes, occurred.
To reiterate, the lower court found that the concurring negligence of both litigants formed the proximate cause of the accident and therefore dismissed both the principal and the reconventional demands.
The only question posed for our consideration on the appeal hereof by the plaintiff is whether that finding of fault on the part of the plaintiff by the trial court, in view of R.S. 32:121(B) [1] was so erroneous and unsupported by the evidence as to warrant a reversal by us.
No useful purpose would be served by engaging in an elongated discussion of the evidence adduced on behalf of the respective litigants. Suffice it to say that we are convinced that the plaintiff’s neg *426 ligence contributed to the occurrence of this accident.
 The intersecting streets involved herein, that is, South Roman and Erato are of equal dignity; therefore, it was incumbent upon the plaintiff to exercise reasonable care in his approach into the intersection, including of course the obligation of maintaining a proper lookout, since R.S. 32:121(B) and Section 38-133(b) of the Code of the City of New Orleans do not grant plaintiff a general right-of-way over vehicles in South Roman Street approaching from his left, but only over such vehicles which approached or entered the intersection at approximately the same time as he did. The plaintiff, quite obviously, failed to discharge the obligation which the law imposed upon him.
In a relatively recent case a judge of the Supreme Court very appropriately observed in this connection that the degree of care required of the operator of a motor vehicle approaching an intersection from the right, when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic signal light. In the latter instance, he need exercise only slight care, as he is entitled to assume that cross traffic will comply with the law and _yield the right-of-way. However, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R.S. 32:121(B), whether "he has arrived or entered the intersection at about the same time as the other vehicle, since cross traffic reaching the intersection first has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege granted in conformity with the rationale of R.S. 32:121(B) is a conditional one, a right completely and entirely contingent upon the location of other ve-hides approaching or entering the intersection.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs of this appeal. All other costs incurred herein are to be equally borne by both the plaintiff and the defendant.
Affirmed.

. R.S. 32:121 B. “When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the .vehicle on the right.”