HOOD, Judge.
Plaintiff, Walter I. Chriceol, instituted this suit for property damages sustained by him when an automobile which he owned collided with a car owned and being driven by Gene J. Brauns. The suit was instituted against the liability insurer of the Brauns automobile, the City of Lafayette and the liability insurer of that city. Judgment was rendered by the trial court in favor of plaintiff and against the insurer of the Brauns automobile, The Insurance Company of North America. Plaintiff’s demands against the City of Lafayette and its insurer, Maryland Casualty Company, were rejected.
The Insurance Company of North America has appealed from that portion of the judgment which condemns it to pay damages. No appeal has been taken and no issue has been raised as to that part of the judgment of the trial court which rejected plaintiff’s demands against the City of Lafayette and its insurer.
The only question presented on this appeal relates to the liability vel non of the appellant. The appellant contends primarily that its insured, Brauns, was free from negligence. Alternatively, it contends that the driver of plaintiff’s car also was negligent, and that plaintiff thus is barred from recovery by the contributory negligence of that driver.
The accident occurred about 8:00 a. m. on October 7, 1966, at the intersection of Brentwood Boulevard and DiCarlo Drive in the City of Lafayette, Louisiana. Both of these streets are two-laned, blacktopped city streets, with curbs and gutters. They are located in a relatively new subdivision in the city, and each street is 28 to 30 feet wide. Traffic at the above mentioned intersection was uncontrolled, there being no stop signs, yield signs or traffic signals of any kind at that crossing. Neither street had been designated by city ordinance or statute as being a right of way or through street. The speed limit on these streets was 25 miles per hour. The weather was clear and dry at the time the accident occurred.
Immediately prior to the time the accident occurred Brauns was driving his automobile north on DiCarlo Drive, toward the intersection of that street with Brentwood Boulevard. He intended to turn to his *694 left at Brentwood, so when he reached the intersection he pulled his car into his left, or the southbound, lane of traffic of DiCarlo Street, and he came to a full stop before entering the intersection. Some high grass and shrubbery in the southwest corner of the intersection prevented him from seeing traffic approaching from his left on Brentwood, so after stopping he started forward again and eased his car far enough into the intersection to permit him to see vehicles approaching from his left. He then brought his car to a stop the second time, and while he was stopped in that position the left front of his car was struck by the Chriceol automobile.
Brauns testified that when he stopped initially at the intersection the high weeds and shrubbery prevented him from seeing vehicles approaching from his left, so he began easing his car forward very slowly. He stated that when the front of his car reached a point about two feet beyond, or north of, the south curb line of Brentwood he then saw the Chriceol car approaching on that street, travelling east. He testified that plaintiff’s car was 100 to 125 feet from the intersection when he first saw it, that he brought his car to a stop immediately and that the front bumper of his car was about two feet into the intersection when he stopped the second time and when the collision occurred.
The Chriceol automobile was being driven by plaintiff’s 15 year old son, Ronald J. Chriceol, at the time the accident occurred. Ronald testified that he was driving east on Brentwood at a speed .of 20 to 25 miles per hour, and that he was throughly familiar with the streets in that part of the city, although he did not know whether there were any stop signs or yield signals at the intersection of Brentwood and DiCarlo. He stated that when he reached a point about 100 feet from that intersection he saw the front of the Brauns car approach the crossing from his right, and he saw it come to a stop before proceeding into Brentwood. He testified, however, that the weeds and shrubbery southwest of the intersection obscured his view so that he could see only the front of the car when it was first brought to a stop. He stated that he could not see the driver and he knew that the driver of the Brauns car could not see him while the car was stopped in that position. Young Chriceol testified that he slowed down when he first saw the other automobile, but he began to accelerate his speed after he saw the Brauns car stopped. He stated that when he reached a point about 25 feet from the- intersection Brauns started his car forward and caused it to come to a stop a second time when the front of the car was about three feet inside, or north of, the south curb line of Brent-wood. He testified that he applied his brakes and turned to his left, but that he was unable to avoid a collision.
Written reasons for judgment were not assigned by the trial judge, but since judgment was rendered in favor of plaintiff and against the insurer of the Brauns car it is apparent that he concluded that Brauns was negligent and that young Chriceol was free from contributory negligence. After carefully reviewing the record we have concluded that the trial court erred in finding that the driver of plaintiff’s car was free from contributory negligence.
At an intersection of two streets, where neither street has been declared by ordinance or statute to be a right of way or favored street and there are no stop signs or traffic signals of any kind, the two streets are considered to be of equal dignity and neither is favored. Byers v. Creel, 198 So.2d 739 (La.App. 4th Cir. 1967).
Since this is an uncontrolled intersection, and traffic is not regulated at it by city ordinance or by traffic signs or signals, we think the provisions of LSA-R.S. 32:121(B) must be applied. That section of the Revised Statutes provides that “when two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.” In the *695 instant suit the Brauns vehicle actually entered the intersection before plaintiff’s automobile reached it. But, in addition to having preempted the intersection, it is apparent that Brauns had the right of way, since he was on the right. It was the duty of the driver of the Chriceol vehicle to yield the right of way to him, and he was negligent in failing to do so. Byers v. Creel, supra; Leson Chevrolet Company v. Phoenix Insurance Company of Hartford, 195 So.2d 444 (La.App. 4th Cir. 1967); Gulotta v. Toups, 183 So.2d 383 (La.App. 4th Cir. 1966); James v. Employers Liability Assurance Corporation, 202 So.2d 424 (La.App. 4th Cir. 1967); Thibodeaux v. Travelers Indemnity Company, 131 So.2d 345 (La.App. 3d Cir. 1961); Wascom v. Varnado, 209 So.2d 72 (La.App. 1st Cir. 1968).
Plaintiff argues, however, that Brentwood Boulevard was the favored street and had the right of way over Di-Carlo because it runs east and west through the entire length of the subdivision, while DiCarlo Drive is a shorter street running north and south. We understand from the evidence that there is more traffic on Brentwood since it is a longer street traversing the entire length of the subdivision.
R.S. 32:1(57) defines a “Through highway” as being “every highway or portion thereof on which vehicular traffic is given preferential right of way, and at entrances to which vehicular traffic from intersecting highways is required by law to yield the right of way to vehicles on such through highway in obedience to either a stop sign or a yield sign, when such signs are erected as provided in this chapter.” (Emphasis added.)
In State Farm Mutual Automobile Ins. Co. v. Niagara Fire Ins. Co., 183 So.2d 145 (La.App. 1st Cir. 1966, writ refused), the court said that a “through highway does not become a through highway irrespective of the volume of traffic unless it is favored by municipal ordinance or by a stop or yield sign erected by an authorized agent or employee of the Highway Department.” (Emphasis added.) Consequently the fact that Brentwood Boulevard was a longer street and there may have been more traffic on it than on DiCarlo did not have the effect of making Brentwood a favored or right of way street. See also Pardue v. Norred, 95 So.2d 363 (La.App. 2d Cir. 1957); Lake Charles Stevedores v. Streater, 6 So.2d 242 (La.App. 1st Cir. 1942, writ refused).
Our conclusion is that young Chriceol was negligent in failing to yield the right of way to the Brauns vehicle which not only preempted the intersection but which approached it from Chriceol’s right. We think his negligence was a proximate cause of the accident and that plaintiff thus is barred from recovery by the contributory negligence of the driver of his automobile. In our opinion the trial judge erred in finding that young Chriceol was free from contributory negligence.
Having concluded that plaintiff is barred from recovery because of the contributory negligence of the driver of his car, it is unnecessary to consider the question of whether Brauns also was negligent.
For the reasons herein set out the judgment appealed from is reversed and judgment is hereby rendered in favor of defendant, The Insurance Company of North America, and against plaintiff, Walter I. Chriceol, rejecting plaintiff’s demands and dismissing this suit at his costs. The costs of this appeal are assessed to plaintiff-ap-pellee.
Reversed.