MARCUS, Judge.
This is a suit for damages sustained by 'Mr. James L. Chandler as a result of an *884 accident which occurred on January 19, 1966, at about 6:05 A.M., at the uncontrolled intersection of Pembroke Street and Monte Sano Drive in the City of Baton Rouge. Pembroke is a north-south gravel roadway which is not a through street but forms at the point it joins with Monte Sano, a “T” intersection and is 21 feet wide. On the eastern side of Pembroke there is a paved portion which fans out and joins with Monte Sano, creating a widened turning curve. Monte Sano is an east-west roadway with an asphalt surface in the center and is 15 feet wide.
Defendant, Perry N. Brewer, Sr., was alone and was proceeding in his 1965 Ford pick-up truck in a southerly direction on Pembroke Street. Plaintiff, James L. Chandler, accompanied by his nephew, Jerry Chandler, was proceeding in his 1958 Pontiac automobile in a westerly direction on Monte Sano Drive. A collision occurred between the two vehicles when Mr. Brewer attempted to make a left turn into Monte Sano. It was dark and raining at the time of the accident and both vehicles had their lights on.
Mr. Brewer testified that at a point about 75 or 100 feet before he reached the intersection, he observed Mr. Chandler for the first time who was 300 or more feet east of the intersection on Monte Sano. He further testified as he entered the intersection Chandler was about 100 or 150 feet away. He admitted that he may have cut the corner just a little but was only off the right hand lane by a few feet when he started to make his left turn. He further testified that as he approached to within 10 or 12 feet of the intersection he slowed down, shifted into third, and thinking he had plenty of time to make it, proceeded into the intersection without stopping and the accident occurred shortly thereafter. He estimated his speed at about 10 or 12 miles per hour and that of the Chandler vehicle at 25 or 30 miles per hour. Brewer’s truck was damaged on the left side of the cab in the vicinity of the door and front fender. Brewer placed the point of impact in the center of Monte Sano and about 4 feet west of the east parallel of Pembroke Street.
Mr. Chandler testified that he was traveling at about 25 or 30 miles per hour as he approached the intersection. He admitted that he did not see Brewer until he was about 15 feet away. He said that he saw Brewer for the first time when he was making a left turn in front of him at which point he applied his brakes and the accident occurred. His testimony was to the effect that Brewer attempted to make a left turn into Monte Sano from the left lane of Pembroke. He admitted that he was not bothering with the intersection and that he did not look down Pembroke. He said that he thought there was a stop sign facing the traffic on Pembroke but has since discovered that he was mistaken. He further testified that his left front light struck the left front door of defendant’s pick-up truck. He estimated the speed of Brewer at 5 or 10 miles per hour.
Marian S. Wales was the police officer who investigated the accident. He determined the point of impact to be four paces north of the south parallel of Monte Sano and ten paces east of the west parallel of Pembroke.
Jerry Chandler was a passenger in the right front side of the Chandler vehicle. He testified that he saw Brewer for the first time when he was 15 or 20 feet away. He admitted that Brewer was not speeding but felt he had proceeded into the intersection from the left hand lane of Pembroke.
The trial judge concluded in his reasons for judgment “that both drivers were guilty of negligence inasmuch as they failed to see what they should have seen; that is Mr. Chandler failed to see Mr. Brewer approaching the intersection and entered the same without any indication of yielding the right of way to him, and Mr. Brewer failed *885 to see what he should have seen, namely, that Mr. Chandler was not going to respect his right of way.” Judgment was accordingly rendered in favor of defendant, Perry N. Brewer, Sr., and his insurer, The Travelers Insurance Company and against the plaintiff, dismissing plaintiff’s suit at his costs. From this adverse judgment plaintiff has appealed.
We concur in the findings of the trial court that both drivers were guilty of negligence.
The evidence is clear that the accident occurred approximately in the center of Monte Sano Drive and while there is some conflict in the testimony as to the point of impact in regard to Pembroke Street, we are convinced that the collision occurred within the intersection of these two streets. Accordingly, we conclude, as did the trial court, that this was truly an intersectional collision as it would strain reality to delineate it otherwise.
While there is evidence that Mr. Brewer might have cut the corner, so to speak, we do not place much significance on this point. We find that Mr. Brewer was primarily negligent in attempting to execute a left turn into Monte Sano under the existing conditions. We must bear in mind that it was dark and raining at the time and he had observed the Chandler vehicle approaching the intersection from his left. He felt that he had plenty of time to make it but misjudged plaintiff’s speed and the accident occurred. Accordingly, he exercised poor judgment under the circumstances as it should have been obvious to him that he would not be able to clear the intersection in time. This constituted negligence on his part which was a proximate cause of the accident.
We further find that plaintiff was contributorily negligent. There was no reason why Mr. Chandler should not have seen Brewer approaching the intersection from his right. Since Mr. Brewer had seen him some 300 or more feet east of the intersection when Mr. Brewer was 75 or 100 feet away, he should have likewise been able to see Mr. Brewer well in advance of his reaching the intersection. Additionally the Brewer vehicle was only moving at about 10 miles per hour. The reason Mr. Chandler did not see Brewer was simply because he was not looking. He admitted that he did not see Brewer until he was 15 feet away, that he was not bothering with the intersection, and that he did not look down Pembroke Street. Accordingly, we conclude that Mr. Chandler was clearly negligent in failing to maintain a proper lookout and not seeing what he should have seen and that this negligence was a proximate cause of the accident.
Since we have found that both drivers were negligent, irrespective of who had the directional right-of-way, the question of the applicability of the statutory directional right-of-way to a “T” intersection is of no great moment in this case. In this connection, it is to be noted that Mr. Brewer approached the uncontrolled intersection from the right of Mr. Chandler and accordingly had the directional right-of-way under the holding by this Court in State Farm Mut. Auto Ins. Co. v. Niagara Fire Ins. Co., 183 So.2d 145 (La.App. 1st Cir. 1966) Writ Refused April 15, 1966. The failure of Mr. Chandler to yield the right-of-way to Mr. Brewer constituted a further act of negligence on the part of Mr. Chandler.
Based upon the foregoing reasons, we affirm the judgment of the lower court at appellant’s costs.