BOUTALL, Judge.
This case involves an intersectional collision between an automobile and a tractor-trailer rig. The driver of the automobile filed suit for personal injuries. The trial court dismissed plaintiff’s suit without written reasons, but apparently found (considering the procedural situation in this and a consolidated case) that the defendant truck driver was negligent and the plaintiff contributorily negligent. Plaintiff has appealed and we affirm.
Defendant was proceeding on Lamanche St. in a northerly direction. Plaintiff was on Chartres St. headed east. The record shows that this intersection is uncontrolled and that a fence and a parked truck on the corner obstructed the view of both plaintiff and defendant. The record further reflects that plaintiff and defendant entered the intersection at approximately the same time, although the evidence shows defendant was probably slightly ahead of plaintiff. Both plaintiff and defendant admitted they were familiar with the intersection and both testified they were traveling between 20 and 25 miles per hour.
We conclude that this situation is governed by the provisions of LSA-R.S. 32:121(B) and New Orleans Traffic Ordinance § 38-133 (b) to the effect that drivers to the right of other drivers have the directional right of way. As defendant was to the right of plaintiff, defendant had the right of way under the statute and the ordinance.
The evidence as to plaintiff’s contributory negligence is clear. Plaintiff failed to keep a proper lookout upon entering an uncontrolled intersection and to yield to the directional right of way vehicle. Further he failed to exercise reasonable care when confronted with an obstructed view of the right of way street. Chandler v. Brewer, 221 So.2d 883 (La.App. 1st Cir. 1969); Byers v. Creel, 198 So.2d 739 (La.App. 4th Cir. 1967); Lambert v. Rogers, 109 So.2d 120 (La.App. Orl.1959).
Nevertheless, plaintiff contends that he had the right of way because Chartres St. is a favored street due to the fact that it is fully paved including curbing and is two to four feet wider than La-manche St., a blacktop roadway with shell shoulders. We find plaintiff’s argument unpersuasive. In the recent case of Zito v. Kuhn, 309 So.2d 806 (La.App. 4th Cir. 1975) under a similar set of facts, we held that the fact that one street is paved and has curbing does not automatically confer favored street status upon it over a black *340 top, uncurbed crossing street. We hold that Chartres St. is not a favored street at that intersection.
For the above reasons the judgment of the district court is affirmed. Plaintiff-Appellant isito pay all costs.

Affirmed.