335 So.2d 759 (1976)
Roy Lynn CARNEY and Betty Jo Carney, Plaintiffs and Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants and Appellants.
No. 5488.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Rehearing Denied August 18, 1976.
*761 Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for defendants and appellants.
Kelly, Seaman & Ware by Richard N. Ware, Natchitoches, for plaintiffs and appellees.
Before CULPEPPER, GUIDRY and BERTRAND, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries received in an automobile accident. The plaintiff, Mrs. Betty Jo Carney, was driving her automobile. It collided with a pickup truck driven by defendant's insured, Alton Holman. The district judge held Holman was negligent. He absolved Mrs. Carney of contributory negligence on the basis of the sudden emergency doctrine. Defendant appealed.
The issues are: (1) Was Holman negligent? (2) Was Mrs. Carney contributorily negligent?
The accident occurred in a rural area in Natchitoches Parish at the "T" intersection *762 where Davis Springs Road, which runs east and west, is intersected from the north by Davis Springs Loop Road. Both are narrow parish roads of blacktop construction without center line markings. The intersection is uncontrolled. It has no stop or yield signs or other control devices.
The accident occurred during hours of daylight. Plaintiff, Betty Jo Carney, was proceeding in a westerly direction on the Davis Springs Road at a speed of 35 to 40 miles per hour. The posted speed limit on the road was 55 miles per hour. At the same time, Mr. Holman was traveling in a southerly direction on Davis Springs Loop Road, approaching the intersection. Plaintiff says she could not see the Holman vehicle because of trees and bushes. She thought she had the right of way, so she did not even slow down. She first saw Holman's truck in the intersection. She applied her brakes, but the vehicles collided in about the center of Davis Springs Road a few feet east of the intersection.
Holman testified he slowed at the intersection and looked in both directions. Seeing none, he proceeded into the intersection and turned toward the east. He contends he was in the east bound lane about 48 feet from the intersection when the left front of his pickup truck was struck by the left front of the Carney automobile.
The Louisiana Highway Regulatory Act provides the right of way of vehicles at intersections in this state. LSA-R.S. 32:121 states:
"Vehicles approaching or entering intersection.
"A. When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
"B. The right of way rule declared in Subsection A is modified at through highways and otherwise as hereinafter stated in this part."
Thus, where two cars enter an intersection at about the same time, the vehicle on the right has the right of way, unless the other vehicle is on a "through highway." A "through highway" is defined by LSA-R.S. 32:1(57) as "every highway or portion thereof on which vehicular traffic is given preferential right of way, and at the entrances to which vehicular traffic from intersecting highways is required by law to yield the right of way to vehicles on such through highway in obedience to either a stop sign or a yield sign, when such signs are erected as provided in this chapter."
This provision has been construed to mean that a highway does not become a "through highway" unless so designated by stop or yield signs erected in accordance with a statute or ordinance adopted by the appropriate authority. Neal v. Davenport, 270 So.2d 617 (La.App. 2d Cir. 1972).
In the instant case, there was no designation by any authority that either Davis Springs Road or Davis Springs Loop Road was a preferred or "through highway". Neither, as aforementioned, were any stop or yield signs erected at the intersection.
Counsel for plaintiff-appellee urges however that Davis Springs Road should be considered a "through highway" at this intersection because of a local "custom" by residents of the area. He cites the case of Hoover v. Wagner, 189 So.2d 20 (La.App. 1st Cir. 1966) as recognizing "that superiority could be accorded one street over another by local custom notwithstanding the fact that neither has been formally decreed the favored thoroughfare."
In Hoover, the First Circuit held that a roadway might be a superior one notwithstanding that it had not been formally declared to be such. The court held this was true because (1) plaintiff was approaching from the right of defendant and thus had a *763 statutory right of way and, (2) the street on which defendant traveled was a "short residential street running one or two blocks in length." The court also noted that defendant "was fully aware of the superiority accorded ... by local custom."
To the extent Hoover holds that by custom one street may be accorded preferred status over another, we choose not to follow that decision. Although LSA-C.C. Article 3 provides that "Customs result from a long series of actions constantly repeated, which have by such repetition, and by uninterrupted acquiescence, acquired the force of a tacit and common consent.", a statutory rule of law cannot be changed, nor its applicability affected, by local custom. Harrington v. Upchurch, 331 So.2d 506 (3rd Cir. 1976) and cases cited therein. The definition of "through highway" is clearly provided by the above quoted LSA-R.S. 32:1(57). Custom may not be utilized to change this statutory definition. See State Farm Mutual Automobile Insurance Company v. Niagara Fire Insurance Company, 183 So.2d 145 (La.App. 1st Cir. 1966), writ refused.
Although LSA-R.S. 32:121 uses the term "intersection", that term is defined by the statute very broadly, LSA 32:1(19), and has been held to include both "T" and "Y" intersections. Excel Insurance Company v. Hunt, 221 So.2d 65 (La.App. 3rd Cir. 1959); Smith v. Trinity Universal Insurance Company, 270 So.2d 637 (La.App. 2d Cir. 1972).
However, the statute does not grant an unqualified right of way to the vehicle on the right. In Excel Insurance Company v. Hunt, supra, we stated the rule as follows:
"Where the intersecting streets are of equal dignity, a motorist who has the right of way under LSA-R.S. 32:121(B) because the other vehicle is approaching from his left, is nevertheless required to exercise reasonable care as he approaches the intersection, including the obligation of maintaining a proper lookout. The degree of care which is required of the operator of a motor vehicle approaching an intersection from the right, when streets are of equal dignity, is much greater than that imposed on the driver approaching an intersection on a favored or right of way street which is controlled by signs or traffic signals. James v. Employers Liability Assurance Corporation, 202 So.2d 424 (La.App. 4th Cir. 1967); Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); Veith v. Travelers Insurance Company, 204 So.2d 671 (La.App. 4th Cir. 1967)."
In the instant case, defendant Holman testified that as he approached the intersection he slowed down and looked for traffic in both directions. He stated it was necessary for him to pull "almost out" into the intersection in order to see. Seeing no approaching vehicle, he then proceeded into the intersection where he immediately observed the Carney vehicle about to collide with his truck. Several witnesses testified that at the time of the accident the view of both Holman and Mrs. Carney was obscured by brush, trees and bushes at the intersection. However, Trooper I. T. Chambers, who investigated the accident, testified that with his vehicle "standing" on Davis Springs Loop Road at the intersection he could have seen a car approaching on Davis Springs Road from the east at a distance of 150 to 175 feet.
Under the above stated rules of law applicable to this case, Mr. Holman had a duty not only to slow down for the intersection, but, if necessary for a complete observation of the intersection and to safely proceed therein, to come to a complete stop. This is especially true since his view was obstructed by brush and other vegetation. As we noted above, the mere fact that Mr. Holman was on the right did not grant him an absolute right of way. He did not have the right to assume that no vehicle was approaching from his left.
*764 Nor did he have the right to assume that if a vehicle was approaching from his left, it would yield the right of way.
We agree with the finding of fact of the trial judge that Mr. Holman was negligent.
However, we cannot agree with the trial judge that Mrs. Carney was free of contributory negligence. As stated above, this was an uncontrolled intersection of highways of about the same size. Mrs. Carney was approaching from the left. Under the clear provisions of LSA-R.S. 32:121, A, she was required to yield the right of way to the vehicle on her right. Of course, Mrs. Carney had a greater duty of care than Holman. Before entering this intersection, she had the duty to slow down, and even to stop, if necessary, to ascertain whether any vehicles were approaching the intersection from her right. Of course, she had the duty to yield the right of way to any such vehicles approaching from her right. Clearly, she violated these duties. She testified she thought she had the right of way. She did not even slow down, she did not observe the Holman vehicle until after it had entered the intersection, and she failed to yield the right of way. We conclude that Mrs. Carney was guilty of contributory negligence barring plaintiffs' recovery.
In his written reasons, the trial judge did not address the question of the directional right of way at this unmarked "T" intersection nor the respective duties of the two motorists. He stated that defendant Holman "in driving his vehicle out into the `T' intersection created an emergency, and Mrs. Carney was confronted with taking such steps as were possible for her to stop her vehicle."
We cannot agree that the sudden emergency doctrine applies here. Under this doctrine, a person who is confronted by a sudden emergency, not of his own making, and who does not have sufficient time to consider all of the possible ways to avoid an accident, is not guilty of negligence if he fails to adopt the best solution. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). However, a person can seek no relief under this doctrine where his own negligence caused or contributed to the creation of the emergency. Coward v. United States Fidelity & Guaranty Company, 289 So.2d 506 (La.App. 3rd Cir. 1974). Mrs. Carney's negligence was a cause of this emergency.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants-appellants and against the plaintiffs-appellees, dismissing plaintiffs' suit at their costs. All costs in the trial and appellate courts are assessed against the plaintiffs-appellees.
REVERSED AND RENDERED.