BOLIN, Judge.
Defendant, The Employers’ Liability Assurance Corporation, Limited, appeals from judgment in favor of plaintiffs for $1,800 for personal injuries to Mrs. Johnson, and $154 for medical expenses resulting from an intersectional collision between a Ford automobile driven by Mrs. Johnson and a Chevrolet driven by Gloria Jean Hampton.
Mr. and Mrs. Johnson sued their liability insurer, Employers’ Liability, under the uninsured motorist provision of their policy. By appropriate pleadings Gloria Jean Hampton was made third-party defendant, and judgment was rendered in favor of plaintiffs against Employers, and in favor of Employers as third-party plaintiff against Gloria Jean Hampton for all amounts awarded plaintiffs against Employers.
Both liability and quantum are issues on appeal.
The accident occurred during daylight hours at the intersection of Gibbs and Tenth Streets within the corporate limits of Gibsland, Louisiana. Gibbs is one of the two main thoroughfares, running north and south, and Tenth is a side street, running east and west. Mrs. Johnson was proceeding south on Gibbs Street and Gloria Jean was driving east on Tenth Street. Although Mrs. Johnson and Gloria Jean considered Gibbs to be the favored street, there was no ordinance or traffic signal to designate it as such. The speed limit was 35 m. p. h. at that time and, by her own admission, Gloria Jean was driving in excess of the speed limit. Additionally, she testified she did not observe the Johnson vehicle until it entered the intersection.
The record is not clear as to all the actions taken by Mrs. Johnson, but it seems clear she was driving well within the speed limit. She said she did not see the Hampton car until the collision was imminent, and that she only got a “glimpse” of it. The Johnson vehicle was in the intersection when it was struck on its right side by the front of the Hampton car.
Since the intersection was uncontrolled, the law applicable to the case is Louisiana R.S. 32:121, the pertinent portion thereof being:
“A. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Cases interpreting this statute have uniformly held the motorist approaching from the right forfeits his statutory right of way by driving at an excessive rate of speed. We agree with the finding of the trial judge that Gloria Jean was driving at an excessive rate of speed, and this was clearly a proximate cause of the accident since the Johnson vehicle was in the intersection before Gloria Jean saw it.
A special plea of contributory negligence was filed, leveled at Mrs. Johnson’s failure to make proper observation before entering the intersection. The district judge found the sole and proximate cause of the accident was the negligence of Gloria Jean in proceeding into the intersection at an excessive rate of speed and that Mrs. Johnson had preempted the intersection. While we entertain some doubt as to whether Mrs. Johnson had preempted the intersection, we find the defendant has failed to prove contributory negligence against Mrs. Johnson. The burden is upon the party asserting contributory negligence to prove it, and the testimony is inconclusive as to whether Mrs. Johnson entered *202 the intersection without making proper observation. We agree with the lower court’s finding that the proximate cause of the accident was the negligence of Gloria Jean Hampton.
Left for consideration is the question of quantum. Mr. Johnson was awarded $154 for medical expenses incurred by the community,' and this portion of the judgment is not questioned on appeal. Appellant contends the award of $1,800 to Mrs. Johnson for personal injuries was excessive. In his written reasons the trial judge found:
“The evidence in the record shows that Mrs. Johnson suffered no residual disability from the accident, but that she suffered injury to her ribs on both sides; to her mid-back; and injury to one knee. The undisputed medical testimony in the record shows that Mrs. Johnson suffered pain from these injuries for more than eighteen months after the occurrence of the accident.
“In my opinion the sum of $1,800 would substantially compensate Mrs. Johnson for the pain and suffering sustained in the accident and do substantial justice between the parties.”
This award is not so excessive as to constitute an abuse of “the much discretion” vested in the trial judge in assessing damages in a tort case. Louisiana C.C.1934 (3) and cases decided thereunder.
The judgment is affirmed at appellant’s costs.