PRICE, Judge.
The plaintiff in this action, Edward Joe Lambright, seeks damages for personal injuries suffered in an intersectional collision on January 31, 1967, about 11:05 p. m. in the City of Mansfield. Lambright alleges he was driving easterly on Gibbs Street and as he entered the intersection of Gibbs and Jefferson Streets a vehicle driven by Jimmy Walker in a northerly direction on Jefferson Street sped into the intersection, causing a collision with his vehicle.
Lambright asserted he was free of any negligence and alleged Walker was negligent in failing to keep a proper lookout, traveling at an excessive speed and entering an intersection in the path of a vehicle which had preempted the intersection.
The defendants named in the action are Edwin M. Walker, owner of the Chevrolet automobile driven by his fifteen-year-old son, Jimmy Walker, and his liability insurer, Aetna Casualty & Surety Company.
Defendants, in answer, deny any negligence on the part of Jimmy Walker and allege that Lambright was guilty of negligence which was the sole cause of the accident, or alternatively, his negligence was a contributing cause which bars recovery. The specific acts of negligence attributed to Lambright are failing to maintain a proper lookout, driving at an excessive speed and failing to yield the right-of-way at an uncontrolled intersection to a vehicle approaching from the right.
After trial on the merits judgment was rendered in favor of plaintiff awarding him judgment against the defendants in so-lido for $2,243.
On this appeal the defendants contend the trial judge erred in concluding Walker was guilty of negligence which was the sole cause of this accident by finding Lam-bright had preempted the intersection and that Walker had forfeited his statutory right-of-way as the motorist approaching on the right by traveling at an excessive speed.
The evidence in the record shows that during daylight hours and until 10:00 p. m. this intersection is controlled by an electric overhead semaphore signal. After 10:00 p. m., there are no blinking lights or other methods of warning or control affecting this intersection, nor is there an ordinance of the City of Mansfield granting any superior right-of-way to either of the streets. *102 The evidence further shows the view of each driver in the direction from which the opposing driver was approaching was restricted by an incline.
Lambright testified he was traveling approximately 35 miles per hour as he entered the intersection and that he knew the signal lights were not functioning at this hour of the night. He further testified he did not see the lights of the Walker car, nor did he make any observation to his right prior to entering the intersection as he understood he had the favored right-of-way because Gibbs Street was more heavily traveled than Jefferson Street.
Jimmy Walker testified he did not live in Mansfield and wás not aware the signal light at this intersection was turned off at 10:00 p. m. According to his testimony, he was driving at a moderate rate of speed, estimated between 20 and 25, and was looking for the signal light at this intersection as he intended to make a right turn onto Gibbs Street. As there was no signal functioning at the time, he came upon the intersection before he realized it and did not see the Lambright car until he was actually in the intersection. The other three occupants of the Walker vehicle testified substantially the same as Walker.
The record further reflects the Lam-bright car struck the left side of the Walker vehicle and after completely turning around, stopped almost at the point of collision. After being struck by the Lam-bright car, the Walker automobile traveled some 25 to 50 feet before stopping on the curb of a driveway of the DeSoto General Hospital.
Regardless of the flow of traffic on a street or highway, it does not become a through street unless so designated by Municipal Ordinance or by stop or yield signs erected in accordance with law by the appropriate authority. National Retailers Mutual Insurance Co. v. Harkness, 76 So.2d 95 (La.App.2d cir. 1954). By the provisions of LSA-R.S. 32:1(57), 32:121 (B, C), when two motorists approach an uncontrolled intersection at about the same time, the driver of the vehicle on the left must yield to the vehicle approaching on the right. This statutory preference to the vehicle on the right is forfeited, however, if that vehicle is traveling at an excessive speed under the circumstances prevailing at the time. Johnson v. Employers’ Liability Assurance Corporation, 234 So.2d 200 (La.App.2d cir. 1970).
In holding that Lambright preempted the intersection, the trial judge found the point of collision was in the easterly portion of the intersection and thus he concluded the Lambright vehicle must have entered first if the two vehicles were traveling at about the same speed. We are of the opinion this is a misapplication of the doctrine of preemption. In National Retailers, supra, 76 So.2d at 98, this court set forth the requirements necessary to sustain a finding of preemption as follows:
“Preemption does not consist solely of a first entry into an intersection. In the instant case there can be no doubt that the Harkness car actually entered the intersection first, for both the point of collision with reference to the street and the point of impact between the cars so indicates. But other factors are essential in order to establish preemption. The interpretation of preemption requires not only the first entrance into an intersection but that such entrance be accompanied by a normal and reasonable opportunity and expectation of clearing such intersection without obstructing the crossing thereof by other vehicles; Harris v. Travelers Indemnity Company, La.App., 70 So.2d 235, and cases cited therein.”
We are further of the opinion the finding that Walker was traveling at an excessive speed is not supported by the evidence. The trial court based its finding of excessive speed on the physical evidence pertaining to the positions of the automo *103 biles after the collision. The court concluded that because the Lambright car was turned completely around and remained almost at the point of impact, and the Walker car traveled another 30 to 50 feet, this established excessive speed on the part of Walker.
We do not find this holding to be justified. The evidence shows neither driver made an application of brakes at any time prior to or after impact. Walker was rendered unconscious by the collision, and although his vehicle was completely out of control, it only traveled between 25 to 50 feet before coming to a complete stop. This distance does not indicate to us the vehicle was traveling at an excessive speed. However, even assuming negligence on the part of Walker, Lambright, by his own testimony, was guilty of negligence which was a proximate cause of the accident. He admits he drove into this intersection with a partially obstructed view to the south, without slowing his vehicle or making any observation to his right for oncoming traffic. As set forth in the National Retailers case, supra, the law requires a greater exercise of care than is usually required when a motorist approaches an intersection with an obstruction to view. The trial court refused to find Lambright contributorily negligent by entering the intersection without making proper observation as the court found the evidence supporting this allegation inconclusive and held defendants had not borne the burden of proof to sustain the plea. We are of the opinion the testimony of the plaintiff himself clearly establishes he did not look to his right as he thought he had the right-of-way and saw no need to look. In view of this testimony, we think the plea of contributory negligence should have been sustained.
For the foregoing reasons the judgment appealed from is reversed and it is hereby ordered, adjudged and decreed that there be judgment in favor of defendants and against plaintiff rejecting his demands, as his costs.