270 So.2d 617 (1972)
Clyde C. NEAL, Plaintiff-Appellant, and
W. H. Turbeville, Plaintiff-Appellee,
v.
Christine DAVENPORT et al., Defendants-Appellees.
No. 11906.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
*618 James E. Franklin, Jr., Shreveport, for plaintiff-appellant.
Hal V. Lyons, Shreveport, for plaintiff-appellee W. H. Turbeville.
Mayer & Smith, by Charles L. Mayer, Shreveport, for defendants-appellees Percy McCraney, Christine Davenport and American Mut. Liability Ins. Co.
Before AYRES, BOLIN and HALL, JJ.
HALL, Judge.
This is a tort action arising out of an intersectional collision involving a pickup truck driven by Clyde C. Neal and owned by his employer, W. H. Turbeville, and an automobile driven by Christine M. Davenport, owned by Percy McCraney and insured by American Mutual Liability Insurance Company. Neal and Turbeville brought suit against Davenport, McCraney and American Mutual seeking recovery for Neal's personal injuries and Turbeville's property damage. The defendants answered denying liability and reconvened against the original plaintiffs seeking recovery for Davenport's personal injuries and for damage to the McCraney automobile.
The district court, in a written opinion, found that both drivers were negligent and *619 that Davenport's negligence was imputable to the owner of the vehicle she was driving. Accordingly, the demands of all parties were rejected. Neal appealed and Davenport, McCraney and American Mutual answered the appeal.
The issues on appeal are the negligence of the two drivers and whether the negligence of Davenport, if any, should be imputed to McCraney and his insurer as a bar to recovery by them for property damage to the McCraney automobile.
The accident occurred at the intersection of Dixie Garden Loop and Dixie Meadow Drive outside the city limits of Shreveport in Caddo Parish. At the time of the accident, Neal was driving in an easterly direction on Dixie Meadow Drive and Mrs. Davenport was traveling in a northerly direction on Dixie Garden Loop. The evidence shows that Neal was traveling at about thirty miles per hour and Mrs. Davenport was traveling at a speed of approximately forty miles per hour, the speed limit being thirty-five miles per hour.
Neal's truck struck the rear portion of the left side of the automobile driven by Davenport. Although the evidence shows there was a house located at the southwest corner of the intersection, either driver could have seen the other for some distance prior to entering the intersection. However, both drivers testified they did not see the other vehicle entering the intersection and did not see the other vehicle until the moment prior to impact.
Turbeville, Neal's employer and owner of the truck being driven by Neal, testified he was following the Neal vehicle at a distance of about two hundred feet and that he was able to see the Davenport automobile before it entered the intersection.
Neal contends he had the right of way because normally there were yield signs at the intersection regulating traffic on Dixie Garden Loop. The evidence shows that there was no parish ordinance declaring either of the streets as a preferred street at this intersection. At one time, four-way stop signs had been erected at the intersection under the direction of the parish engineer. Some time prior to the accident, the stop signs were replaced by yield signs requiring traffic on Dixie Garden Loop, the street on which Davenport was traveling, to yield to traffic on Dixie Meadow Drive. However, on the date of the accident, the yield sign which normally controlled northbound traffic on Dixie Garden Loop was not in place. In the absence of an ordinance and in the absence of the yield sign actually being in place, the streets must be treated as of equal dignity and neither was favored. Byers v. Creel, 198 So.2d 739 (La.App.4th Cir. 1967).
We conclude, as did the trial judge, that Neal was negligent in failing to keep a proper lookout and to observe the Davenport vehicle approaching from the right. Although Neal testified he did not see the approaching Davenport automobile there was no obstruction to his vision for some distance and he is accountable for not seeing what he should and could have seen before entering the intersection.
Davenport contends she had the right of way under LSA-R.S. 32:121, subd. B, which provides:
"B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right."
Although Mrs. Davenport otherwise would have had the statutory right of way under LSA-R.S. 32:121, subd. B, she forfeited her right of way by entering the intersection at an excessive rate of speed under the circumstances. The evidence is that she was traveling at approximately *620 forty miles per hour which speed was five miles per hour in excess of the legal speed limit on Dixie Garden Loop. In Johnson v. Employers' Liability Assurance Corp., 234 So.2d 200 (La.App.2d Cir. 1970), the court held:
"Cases interpreting this statute have uniformly held the motorist approaching from the right forfeits his statutory right of way by driving at an excessive rate of speed. * * *"
See also Lambright v. Aetna Casualty & Surety Company, 258 So.2d 100 (La.App.2d Cir. 1972).
Furthermore, Mrs. Davenport should have seen the Neal pickup truck entering the intersection at approximately the same time at a speed of about thirty miles per hour. Had she been keeping a proper lookout, she would have seen the Neal vehicle approaching the uncontrolled intersection at a speed indicating he was not going to yield. Even if she had the statutory right of way and was entitled to assume the driver to her left would yield, she was under a duty to observe traffic approaching the intersection and to exercise some degree of caution, which she failed to do.
We conclude that both drivers were negligent, barring recovery by either. Neal was driving his employer's truck in the course and scope of his employment and, therefore, his negligence is imputable to the employer, Turbeville.
Mrs. Davenport was visiting at the home of her sister-in-law and brother, Percy McCraney. The sister-in-law asked her to go to the dairy to pick up some ice cream. Since she was having some trouble with the brakes on her own car, she drove McCraney's automobile. This amounted to nothing more than a social courtesy and did not create a master-servant or any other relationship such as would make McCraney responsible for the negligent acts of Davenport, Mohr v. Schmitt, 189 So.2d 46 (La.App.1st Cir. 1966). The negligence of a nonservant agent is not imputable to the principal. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968).
Thus, Mrs. Davenport's negligence does not bar recovery by McCrancy and his subrogated insurer, American Mutual, for property damages.
For the reasons assigned, the judgment of the district court is affirmed insofar as it rejects the demands of Clyde C. Neal, W. H. Turbeville and Christine M. Davenport. The judgment is reversed insofar as it rejects the reconventional demands of Percy McCraney and American Mutual Liability Insurance Company, and it is ordered, adjudged and decreed that there be judgment in favor of Percy McCraney in the sum of One Hundred and no/100 ($100) Dollars, and in favor of American Mutual Liability Insurance Company in the sum of Four Hundred Ninety and 88/100 ($490.88) Dollars, against Clyde C. Neal and W. H. Turbeville, in solido, together with legal interest from date of judicial demand until paid. Costs of this proceeding are assessed one-half (½) to Clyde C. Neal and W. H. Turbeville, and one-half (½) to Christine M. Davenport.
Affirmed in part and reversed in part.
AYRES, Judge (dissenting):
At an uncontrolled road intersection, the statutory right of way of a motorist approaching from the right should be recognized. The evidence as to the possible speed of such motorist at only five miles per hour in excess of the speed limit is not proof of such excessive speed as to forfeit the motorist's right of way.
I respectfully dissent.