266 So.2d 717 (1972)
Donald F. GUTELIUS, Jr.
v.
PHOENIX INSURANCE COMPANY et al.
No. 4797.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1972.
Rehearing Denied October 4, 1972.
Writ Refused October 26, 1972.
A. J. Marciante, New Orleans, for plaintiff-appellant.
James R. Murrell, III, New Orleans, for defendants-appellees.
Before CHASEZ, REDMANN and BAILES, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal of his suit for damages from a vehicular collision at a blind and uncontrolled intersection.
Plaintiff, whose car was struck at its driver's door, argues that as in Deshotels v. Southern Farm Bureau Casualty Ins. Co., 245 La. 23, 156 So.2d 465 (1963), the directional right-of-way statute, R.S. 32:121, accorded to plaintiff the right-of-way and defendant has not proved that plaintiff was contributorily negligent.
But in Deshotels the driver from the right had slowed and looked both ways *718 (though his vision to the left was obstructed by weeds and shrubs). Here, had plaintiff driver behaved similarly, at the moderate speeds involved he could have seen the truck approaching from the left and could have avoided the accident.
The so-called directional right-of-way rule does not convert the street into a superior one, having the right-of-way; nor is it a mechanical rule which determines liability after an accident by the mere direction of the vehicles. Its basic function is to rule which of two drivers arriving simultaneously at an uncontrolled intersection of equal streets should let the other pass. Before this rule can be relied on, the driver must first determine that the other driver is coming from his left and is approaching or entering the intersection at about the same time. These determinations one cannot reasonably expect to make while maintaining speed, especially on approaching a blind intersection.
A driver approaching an uncontrolled intersection with a street of equal dignity is obliged, in the exercise of reasonable care, to slow sufficiently to make the determination whether he can safely cross the intersection, including, when another vehicle is approaching, whether the directional right-of-way rule is applicable to cede to him or to the other driver the right to pass first. Such a driver has the right to expect of the other driver only that the other will likewise and for the same purposes slow down on approaching the intersection (and will obey the directional right-of-way rule if applicable). See Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).
Here the accident was due to the failure of both drivers to reasonably slow down on approaching the intersection. The trial judge correctly rejected plaintiff's claim based on directional right-of-way.
The judgment is affirmed.
Affirmed.