FLEMING, Judge pro tem.
The plaintiff appellee sued Claudy Hodge and James P. Treadaway, and insurers for damages inflicted on his barbershop as a result of an automobile accident that occurred on August 16, 1971 at about 6:00 a. m.
The facts are that Hodge was driving a 1959 Ford truck in an easterly direction on Magnolia Street and Treadaway was driving his 1971 Volkswagen north on St. Andrew Street. The vehicles met at the intersection of Magnolia and St. Andrew Streets, a collision occurred, and the Hodge truck drove into plaintiff’s barbershop causing $560.00 in damages. Both streets are of equal dignity, there were no controls at the intersection, each had two lanes for travel. The plaintiff’s barbershop is located at the northeast corner of the intersection.
The city court found that Hodge was negligent and Treadaway was not and rendered judgment in favor of the plaintiff against him. An appeal was taken. It is only necessary to determine the negligence of Hodge and Treadaway, as they agree the plaintiff is entitled to recover. The trial court concluded that Hodge had to be driving at a reckless speed.
The evidence shows that the two vehicles collided in the intersection and the front of the Hodge truck struck the left side of the Volkswagen. The Hodge truck veered off and went into the plaintiff’s barbershop. Because of the speed of the Hodge truck and the fact that Treadaway enjoyed the directional right of way the trial court concluded that Treadaway was not negligent. Treadaway testified^ that on approaching the intersection he slowed down and perhaps stopped; that he looked west on Magnolia Street and could see for one-half block until the street curved but observed no oncoming traffic, he accelerated to cross the intersection, then heard a horn blow and was struck on the left of his Volkswagen. A picture in evidence corroborates that his car was struck on the left.
In the case of Gutelius v. Phoenix Insurance Company, La.App., 266 So.2d 717 (1972) in discussing the directional right of way this court said:
“ ‘The so-called directional right-of-way rule does not convert the street into a superior one, having the right-of-way; nor is it a mechanical rule which determines liability after an accident by the mere direction of the vehicles. Its basic function is to rule which of two drivers arriving simultaneously at an uncontrolled intersection of equal streets should let the other pass. Before this rule can be relied on, the driver must first determine that the other driver is coming from his left and is approaching or entering the intersection at about the *801 same time. These determinations one cannot reasonably expect to make while maintaining speed, especially on approaching a blind intersection.
“ ‘A driver approaching an uncontrolled intersection with a street of equal dignity is obliged, in the exercise of reasonable care, to slow sufficiently to make the determination whether he can safely cross the intersection, including when another vehicle is approaching, whether the directional right-of-way rule is applicable to cede to him or to the other driver the right to pass first. Such a driver has the right to expect of the other driver only that the other will likewise and for the same purpose slow down on approaching the intersection (and will obey the directional right-of-way rule, if applicable). See Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).’ ”
There is no question concerning the negligence of the Hodge truck. It was speeding and disregarded the directional right of way and the trial court properly found Hodge at fault.
The more serious question is whether Treadaway was also negligent. He testified that he slowed or stopped, looked to the left, did not see the Hodge vehicle and entered the intersection. We feel that he fulfilled only a part of his duty; he also owed the duty of seeing what was obviously there to be seen and to refrain from entering the intersection.
R.S. 32:121a[1] and New Orleans City Code,[2] 1956, § 38-99 grant a right of way to the motorist on the right. While the motorist on the left may be held negligent for failing to yield this right of way, the motorist on the right is not thereby relieved of the duty stated above.
The “directional right of way” is not equivalent to a “superior street right of way”, and the motorist on the right is not entitled to regard traffic approaching from the left as if it were controlled by a stop sign or to assume that traffic approaching from the left will stop and yield.
The motorist on the right also has the duty to look and to see what should be seen. The plaintiff in this case is the owner of the building damaged. Neither Hodge nor Treadaway have exculpated themselves from showing their freedom of liability. See Benjamin v. Pizzalato, La.App., 245 So.2d 740 (4th Cir. 1971).
We accept the facts as found by the trial court but conclude as a matter of law that Treadaway was also at fault in this accident.
The judgment of the lower court is affirmed in part and reversed in part. It is ordered and decreed that there be judgment in favor of plaintiff and against the defendants Claudy Hodge and James P. Treadaway in solido, at their cost.
Affirmed in part; reversed in part and rendered.

. § 121. Vehicle approaching or entering intersection.
A. When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.

. Section 38-99. Vehicles entitled to right-or-way on certain intersecting streets.
(a)Upon entering or crossing a boulevard from any street on which no traffic-control sign or signal is erected, the driver of a vehicle or operator of a streetcar shall proceed cautiously, yielding to vehicles which are within the intersection or approaching so closely as to constitute an immediate hazard.
(b) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
(c) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
(d) The right-of-way rules declared in paragraphs (c) and (b) are modified at through streets and otherwise as stated in this Chapter. (M.C.S., Ord. No. 3816, § 1, 6-6-68).