324 So.2d 844 (1975)
Dusty P. CHAISSON et al.
v.
J. RAY McDERMOTT & CO. et al.
No. 10460.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Writ Refused March 12, 1976.
*845 Joseph J. Weigand, Jr., Houma, for McDermott.
Richard M. Donahue, Metairie, for Dusty Chaisson.
Christopher E. Lawler, New Orleans, for Levron and State Farm.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge:
Dusty P. Chaisson was riding as a guest passenger in the back seat of an automobile, owned by Rodney H. Levron, Sr. and operated by Rodney H. Levron, Jr., when it was involved in an accident with a truck owned by J. Ray McDermott and Company and operated by Curtis R. Sullivan. At the time of the accident, both Dusty Chaisson and Rodney Levron, Jr., were minors, although the former attained majority before this suit was filed.
Plaintiffs are Dusty P. Chaisson and Wiley Chaisson, his father. Defendants are Mr. Levron, individually and as natural tutor of his son; State Farm Mutual Automobile Insurance Company, their insurer; and McDermott, Mr. Sullivan and Travelers Insurance Company, their insurer. After trial on the merits, judgment was rendered in favor of Wiley Chaisson for $1,083.47 and in favor of Dusty P. Chaisson for $25,000.00. McDermott, Sullivan and Travelers were found solidarily liable to both plaintiffs. The suit was dismissed as to Mr. Levron and State Farm.
From that judgment, McDermott, Sullivan and Travelers have appealed, asking that the judgment be reversed as to them. Plaintiffs have appealed, asking for judgment against all defendants, and for an increase in the award.
The accident happened at about 9:30 o'clock on the night of June 3, 1972, on Louisiana Highway 20, a paved, two-lane highway with narrow shoulders. The night was clear and the road was dry. The Levron vehicle had been heading south. Young Levron was attempting a U turn in the highway, in order to head back to the north. As he was doing so, his car stalled, completely blocking the northbound lane of the highway, with its two front wheels on the east shoulder of the road.
As Mr. Levron attempted to start the car, the McDermott truck, driven by Mr. Sullivan, came around a curve in the highway, about three-tenths of a mile south of the Levron car, heading north at a speed of about 50 miles per hour. Mr. Levron saw the truck when it was crossing a bridge a quarter of a mile to the south, but took no action other than to continue to try to start his car. Mr. Sullivan never did see the Levron vehicle, and hit it broadside, without having applied his brakes or slackening his speed. Mr. Levron testified that the lights of his vehicle were burning at all times prior to the accident. The Levron car was dark blue in color.
The trial judge found that the accident was due solely to the fault of Mr. Sullivan in failing to see the Levron vehicle in time to avoid the accident.
*846 It is claimed that Mr. Sullivan was not negligent, since the object which he struck, the Levron vehicle, was dark in color and unlighted, and there was no warning of its presence on the road. The evidence reflects that the Levron vehicle was dark blue in color, and that its lights were lit. However, since it was virtually broadside across the highway, the lights were probably not as apparent as they might otherwise have been. In determining whether Mr. Sullivan should have seen the Levron car in time to avoid this accident, the standard to be applied is one of reasonableness. In Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971), the court said:
"The old rule literally applied is no longer a practical or fair regulation for the night time speed of modern drivers of modern cars on our highways. Consequently the rule has been modified to incorporate this realization and to exact a standard of care of the night time driver based upon the broad requirement of reasonableness, a formula of negligence where there are few absolute rules and one requiring a careful consideration of all circumstances surrounding each case.
"The evolution of the `assured clear distance' rule we have noted does not relieve the plaintiff of the obligation to prove with legal certainty, by a preponderance of the evidence, the acts of negligence charged against a defendant."
Considering the foregoing, and the requirement that all drivers keep a careful lookout, and see what is there to be seen; and the requirements of R.S. 32:301-321, relative to headlamp intensity; and the fact that the road was straight and clear in the vicinity of the accident; and the fact that there was no oncoming traffic, we think that Mr. Sullivan was charged with seeing and avoiding the Levron vehicle, and that his failure to do so renders him negligent.
A different question is posed relative to the alleged negligence of Rodney Levron, Jr. It is unrebutted in the record that his car had never before stalled out on him as it did in this instance, so that he could not be charged with anticipating that it would do so. Nor do we find any absolute prohibition against executing a U turn on the highway. R.S. 32:102 forbids making such a turn within 500 feet of a curve or the crest of a grade, but the record shows that the maneuver was attempted three tenths of a mile from the nearest curve.
Admittedly a U turn is a hazardous maneuver, not to be attempted when it is not reasonably safe to do so. In this case, the evidence shows that there was no approaching traffic in sight when the turn was attempted. If Rodney Levron, Jr. was negligent, it was because he did not follow the provisions of R.S. 32:141(B), which states:
"The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic."
After he saw the truck approaching, one quarter of a mile away, young Levron took no action to remove his car from the highway other than to continue trying to start engine. Neither did he in any way attempt to warn the oncoming vehicle of his presence on the road, blocking the entire lane of traffic. He assumed that Mr. Sullivan would see him. The question which we must answer is whether or not his behavior in the above respects was reasonable under the circumstances.
We think that, since Mr. Levron knew of the approaching truck when it was over a quarter of a mile away, was aware of the dark color of his car, and should have realized that his lights were not clearly *847 visible to approaching traffic, he owed a duty to do something other than to attempt to move his car by trying to re-start it after it stalled. It would have been an easy matter to send one of the passengers up the road to flag oncoming traffic, and there was certainly ample time to do so when the truck was first sighted. By failing to protect traffic, young Levron was guilty of negligence sufficient to subject him to liability to his guest passenger.
We think this is one of those accidents which would not have happened had either of the parties involved fulfilled the duties imposed on him by the law. The negligence of one party cannot excuse that of the other when responding in damages to an innocent third party plaintiff.
Plaintiffs in their appeal pray for an increase in the award in damages made to Dusty Chaisson. Defendants' only complaint is that the district judge did not itemize the $25,000.00 award. We know of nothing which requires him to do so.
The testimony reveals that Dusty suffered fractures of the transverse processes of four of his lumbar vertebrae. The processes are spurs extending to either side of the vertebrae to which muscles attach. He also suffered a deep laceration on his ankle. As of October 12, 1972, Dusty's back was essentially normal on physical examination. One of the doctors gave him a possible ten per cent. disability of the back because he felt that furture heavy labor might cause a deterioration of his condition. The only residual disability resulting from the ankle injury was a numbness of the two small toes of his foot. Neither doctor placed any limitation on his activities, although one of them said it was "understood" that Dusty would do no vigorout offshore labor in the oil industry.
Dusty testified that he was unable to do any heavy labor because his doctor told him that he would not be able to perform it for the rest of his life. At the time he was injured, he was just finishing high school and had never done any offshore work. He had worked part time as a truck driver for his uncle, Percy Chaisson, and planned to work for him full time on his graduation.
Under those circumstances, we think the award of $25,000.00 was very liberal, although the injuries were extremely painful and Dusty was totally disabled for several months after the accident.
The judgment appealed from is therefore amended so as to find Rodney H. Levron, Jr. and State Farm Mutual Automobile Insurance Company liable, in solido, with the other defendants cast, and as amended, it is affirmed, with all costs to be paid by the defendants.
Amended and affirmed.