SAMUEL, Judge.
Plaintiff, Harold Miller, filed this suit against two defendants, Leonce Berthelotte and Fireman’s Fund American Insurance Companies, Berthelotte’s liability insurer, to recover damages for personal injuries and to property resulting from an intersectional collision between automobiles driven by plaintiff and Berthelotte. Defendants denied liability and filed a reconventional demand to recover damages for Berthelotte’s injuries and property damage.
After trial on the merits, judgment was rendered dismissing both the plaintiff’s suit and the defendants’ reconventional demand. From that judgment plaintiff has appealed. The defendants have neither appealed nor answered plaintiff’s appeal.
The facts are substantially undisputed. The accident occurred on November 17, 1973 at approximately 7:45 a. m. in the intersection of North Johnson and Barracks Streets in the City of New Orleans. Plaintiff, Miller, was driving in a westerly direction on North Johnson, and defendant, Berthelotte, was proceeding north on Barracks. The intersection is uncontrolled by traffic signs or signals, and plaintiff was on defendant’s right. There is no indication either driver was exceeding the speed limit. Both vehicles entered the intersection and neither yielded to the other. The front of plaintiff’s car struck the right front fender portion of the defendant automobile at or near the center of the intersection.
The only eye witnesses to the accident were the drivers of the two vehicles. Plaintiff testified that as he entered the intersection he observed the approaching defendant automobile, but it was “far enough out that he [the defendant driver] would have ample time to stop if necessary”; and that when he saw the defendant automobile entering the intersection he put his foot on the brakes and tried to stop, but it was too late for him to do so. Defendant testified he did not stop before entering the intersection and that he did not see plaintiff’s vehicle prior to impact.
Plaintiff’s argument is based upon the defendant driver’s negligence in: (1) failing to maintain a proper lookout; and (2) entering the intersection in violation of the directional right of way.[1]
The record leaves little doubt, and defendants do not seriously contest, the fact that the defendant driver was guilty of *858 negligence for both of these reasons. Since defendants have not appealed or answered plaintiff’s appeal, the sole issue for our consideration is whether the trial judge committed error in holding the plaintiff driver was negligent.
Plaintiff relies on New Orleans City Code, § 38-99(c), which provides:
“When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.”[2]
The Supreme Court and this court have held on other occasions[3] that statutory provisions such as the ordinance quoted above neither convert one street into a superior one with an unqualified right of way, nor provide mechanical rules for determining liability after an accident merely because of the direction in which the vehicles happened to be traveling at the time of the collision. A greater degree of care is imposed upon a driver with only a directional right of way than one with an unqualified right of way. Moreover, every driver who approaches an uncontrolled intersection with a street of equal dignity has some degree of duty, depending upon the circumstances, to proceed cautiously and determine before entering the intersection whether he can safely proceed across. A determination of fault in such a collision is made by examining the conduct of each motorist under all the circumstances and facts of each case, including consideration of the directional right of way.
As was concluded in Smith v. Borchers,[4] we find that the plaintiff driver was negligent. He had observed the approaching defendant vehicle and could and should have made such an observation prior to entering the intersection. Yet, he failed to proceed cautiously and failed to determine before entering the intersection that he could safely proceed across.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The Code of the City of New Orleans, § 38-99(c).

. R.S. 32:121 B basically contains the same wording.

. Smith v. Borchers, 243 La. 746, 146 So.2d 793; Toomer v. Kararick, 346 So.2d 858 , No. 8095 of our docket handed down this day; So-niat v. State Farm Mut. Auto. Ins. Co., La.App., 340 So.2d 1097; Gutelius v. Phoenix Insurance Company, La.App., 266 So.2d 717.

.Supra, footnote 3.