SAMUEL, Judge.
Plaintiff filed this suit seeking damages for personal injuries and medical expenses resulting from a collision between an automobile in which she was a guest passenger and a South Central Bell Telephone Company pickup truck. The answer filed by the defendants, South Central Bell and its employee driver, denies negligence on the part of that driver. Defendants also filed a third party demand against the driver of the automobile in which plaintiff was a passenger.
Following trial on the merits, there was judgment on the original demand in favor of plaintiff and against the defendants in the sum of $2,750 and, on the third party demand (by confirmation of default), in favor of the third party plaintiffs and against the third party defendant for contribution in the sum of $1,375. The judgment is based on a finding by the trial court that both drivers were negligent.
The two original defendants have appealed contending only that there was no negligence on the part of the driver of the South Central Bell truck, a contention based on the fact that the truck had the directional right of way under LSA-R.S. 32:121(A) and New Orleans Traffic Ordinance 39-99(c).
The accident occurred during the early afternoon of October 3,1973 in the intersection of North Roman and France Streets in the City of New Orleans. Both were two-lane streets surfaced with gravel and both were wet and slippery due to a light rain. There were no traffic controls at the intersection. The South Central Bell truck was proceeding west on North Roman and the automobile in which plaintiff was a passenger was proceeding north on France. A building fronting on North Roman, extending to the sidewalk on both North Roman and France, together with a vehicle parked on the south side of North Roman close to the corner of France, resulted in the intersection being a blind one for both drivers. The collision occurred in approximately the center of the intersection.
At the trial the only evidence offered was the testimony of the defendant truck driver and the plaintiff guest passenger. The truck driver testified he was traveling at a speed of 6 to 10 miles per hour when he entered the intersection and saw the approaching automobile only a second or two before the collision when that car was approximately 40 feet, and his vehicle was approximately 8 feet, from the intersection. At that time he applied his brakes and pulled to his right in an attempt to avoid the accident. He also testified he had blown his horn and slowed down prior to entering the intersection because it looked like a dangerous one. However, in his answer to interrogatories before trial, he had indicated he was traveling 20 miles per hour *860 just before entering the intersection. The plaintiff guest passenger testified the automobile in which she was riding was traveling about 15 miles per hour and slowed before entering the intersection. She saw the truck for the first time at the moment of impact.
Both LSA-R.S. 32:121(A) and New Orleans Traffic Ordinance 39-99(c) basically contain the same wording. LSA-R.S. 32:121(A) reads:
“When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
This directional right of way does not give a motorist approaching an uncontrolled intersection an unqualified right of way over traffic approaching from his left; to the contrary, he is obliged to exercise reasonable care in determining whether he can safely cross the intersection.[1]
It is obvious that when the intersection is both blind and uncontrolled, greater care must be exercised. In GuteHus v. Phoenix Insurance Company,[2] a case involving facts similar to the ones present here, we said:
“The so-called directional right-of-way rule does not convert the street into a superior one, having the right-of-way; nor is it a mechanical rule which determines liability after an accident by the mere direction of the vehicles. Its basic function is to rule which of two drivers arriving simultaneously at an uncontrolled intersection of equal streets should let the other pass. Before this rule can be relied on, the driver must first determine that the other driver is coming from his left and is approaching or entering the intersection at about the same time. These determinations one cannot reasonably expect to make while maintaining speed, especially on approaching a blind intersection.
A driver approaching an uncontrolled intersection with a street of equal dignity is obliged, in the exercise of reasonable care, to slow sufficiently to make the determination whether he can safely cross the intersection, including, when another vehicle is approaching, whether the directional right-of-way rule is applicable to cede to him or to the other driver the right to pass first. Such a driver has the right to expect of the other driver only that the other will likewise and for the same purposes slow down on approaching the intersection (and will obey the directional right-of-way if applicable). See Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).”
We agree with the trial court’s finding and conclusion that the driver of the South Central Bell truck was negligent.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Smith v. Borchers, 243 La. 746, 146 So.2d 793; Carney v. State Farm Mutual Auto. Insur. Co., La.App., 335 So.2d 759; Lagrue v. Murrhee, La.App., 291 So.2d 844; Gutelius v. Phoenix Insurance Company, La.App., 266 So.2d 717.

. Supra, footnote 1.