349 So.2d 420 (1977)
Don M. ZEMO
v.
R. A. LOUVIERE, Sr., et al.
No. 8305.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
Rehearing Denied September 8, 1977.
Writ Refused October 14, 1977.
*421 Mmahat, Gagliano, Duffy & Giordano, Lucas J. Giordano, Metairie, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for defendants-appellants.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against R. A. Louviere, Sr. and Louviere's liability insurer, United States Fidelity & Guaranty Company, to recover damages for personal injuries and medical expenses resulting from an intersectional collision between a pickup truck driven by plaintiff and a large tractor-trailer belonging to and driven by the individual defendant.
After trial on the merits, judgment was rendered in favor of plaintiff and against the substituted defendants[1] and the defendant insurer, in solido, in the sum of $33,981.25. Defendants have appealed. We reverse.
The trial court's findings of fact have been accepted as accurate by both parties. As set forth in his written reasons for judgment, they are:
"This suit is the result of an accident which occurred on October 15, 1965, in Jefferson Parish, at the intersection of Belle Drive and Clearlake Drive in Pontchatrain Shores Subdivision while it was still under development.
Both parties were involved with this development. Plaintiff was a mechanic for Donald Lambert Contractors, Inc., contracted to install streets, while the defendant cleaned and leveled certain lots in the area.
The accident occurred at approximately 4:30 p. m. at an uncontrolled intersection *422 where the streets crossed one another almost perpendicularly. Plaintiff, Don Manuel Zemo, approached from the right proceeding in a southerly direction on Clearlake Drive, to deliver paychecks to some of Lambert's employees. Defendant, Robert A. Louviere, was proceeding in a large tractor trailer truck at approximately 15 to 25 miles per hour in a westerly direction on Belle Drive, to pick up his bulldozer.
Direct testimony concerning the accident was provided by Mr. Louviere, now deceased, and Mr. J. M. Hensarling. Plaintiff developed retrograde amnesia and thus did not remember how the accident occurred. Further, the testimony and report of the investigating officer, Lt. Joseph Zambo, was of little assistance.
Prior to the accident, the defendant testified that he was headed westerly at 15 to 20 mph operating a tractor and lowboy trailer, the latter being heavier than the tractor and without its brakes in operational condition. As he reached a point about 50 feet from the intersection, he looked to his right for about 200 feet, possibly more, up Clearlake Drive and saw nothing coming; then he looked to his left, all the time proceeding ahead at this rate of speed. He turned back to the front and saw the red flash of plaintiff's truck in front of him, whereupon the collision occurred, all within two or three seconds.
Mr. Hensarling did not see the actual collision but testified that he saw plaintiff going about 40 mph past a house which he had under construction about 300 yards from the lake side of the collision site. In support of a speeding claim, defendant asserts the proposition that plaintiff was or had reason to be in a hurry to deliver paychecks to a Lambert crew further down Clearlake Drive, who were to leave work around the time of the accident.
While the plaintiff cannot remember the facts concerning the actual collision, he testified that upon viewing the accident site, there were no obstructions to his vision at the intersection.
It is the position of counsel for defendant that conceding the negligence of Mr. Louviere, the plaintiff's contributory negligence through his excessive speed and failure to see defendant's approach bars the latter's recovery.
A review of the damage to the two vehicles involved reveals that defendant's truck received relatively slight damage across its front compared with that sustained by plaintiff's truck on the driver side front fender and door position."
Appellants have limited their appeal to the sole issue of contributory negligence on the part of the plaintiff-driver. The trial court's conclusion as to contributory negligence was that, based on the presumption "plaintiff exercised due care and saw what was in his range of vision unless it is rebutted," the defendants had failed to prove by a preponderance of the evidence their affirmative defense that the plaintiff had lost or forfeited his directional right of way because of his negligence.
In this case, in which the accident occurred in an uncontrolled intersection, the plaintiff vehicle was on the right and had the statutory directional right of way. As the accident occurred prior to amendment by Act 422 of 1972, the applicable law is LSA-R.S. 32:121 B, as amended by Act 310 of 1962, which reads:
"B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right." LSA-R.S. 32:121 B.
Our courts have held the statutory provision quoted above (or a similar city ordinance) neither converts one of two streets of equal dignity into a superior one with an unqualified right of way, nor provides mechanical rules for determining liability after an accident merely because of the direction in which the vehicles happened to be traveling at the time of the collision. A greater degree of care is imposed upon a driver with only a directional right of way *423 than one with an unqualified right of way. Every driver who approaches an uncontrolled intersection with a street of equal dignity has some degree of duty, depending upon the circumstances, to proceed cautiously and determine before entering the intersection whether he can safely cross. A determination of fault in such a collision is made by examining the conduct of the motorists under all the circumstances and facts of each case, including consideration of the directional right of way.[2]
Because we are of the opinion this case can and must be decided on unrelated grounds, we do not reach a consideration of plaintiff's contention relative to the argued fact that, in the absence of proof to the contrary, a driver is presumed to have exercised due care under the circumstances. Nor do we consider whether that rule, if viable, properly should be applied in cases where the inability to testify is due to retrograde amnesia, as here, rather than death, as in the two cases cited by plaintiff.[3] It suffices to say defendants bear the burden of proving their plea of contributory negligence, an affirmative defense,[4] and whether or not that burden has been carried is to be determined by all of the evidence contained in the record, regardless of which party introduced the evidence.[5] Nor do we find it necessary to consider defendants' argument relative to the alleged excessive speed of the plaintiff vehicle as it approached and entered the intersection (as mathematically computed from the distances and apparent speed indicated in the testimony of the defendant-driver and J. M. Hensarling).[6]
From our reading of the record we are satisfied both drivers had an unobstructed view as they approached and entered the intersection. That conclusion is established by evidence received from the investigating deputy sheriff. Because the accident had occurred several years prior to the time he testified, the deputy had no independent recollection of his investigation. However, the trial judge ruled that a certified copy of the report of the accident, made by the deputy, was admissible in evidence, but only insofar as it referred to matters involving the deputy's own observations, i. e., factual matters he observed when he arrived at the scene of the accident. In a portion of that report labeled "REASON FOR NOT SEEING DANGER" the deputy had checked spaces indicating the vision of neither driver was blocked. He testified he had made this observation at the scene of the accident shortly after its occurrence. The deputy was an independent witness engaged in his official business in which he had some six years experience. In order to complete his report he was required to determine whether the intersection was obstructed or unobstructed in the views available to both drivers. Noting the trial court came to no conclusion relative to the views of the drivers, we consider this testimony, based on the report, as reliable and accept the same.
Assuming an absence of excessive speed on the part of the plaintiff vehicle (as said above, excessive speed by itself would cause plaintiff to lose any right of way he *424 may have enjoyed,[7] the record establishes with sufficient certainty that if the plaintiff-driver had proceeded with sufficient caution and observation, he could and should have seen that the approaching defendant tractor-trailer prevented a safe crossing of the intersection and he could have avoided the collision. Failure to proceed with such caution and failure to see what he could and should have seen[8] constitutes contributory negligence which bars a recovery by him.
For the reasons assigned, it is ordered that the judgment appealed from be reversed and that there be judgment in favor of the defendants, Mrs. Gertie M. G. Louviere, Robert A. Louviere, Jr., Eldon Joseph Louviere, Mark James Louviere, and United States Fidelity and Guaranty Company, and against the plaintiff, Don M. Zemo, dismissing said plaintiff's demands at his cost in both courts.
REVERSED.
NOTES
[1] Mr. Louviere died subsequent to trial and prior to judgment in the trial court. His widow and heirs were substituted for him as parties defendants.
[2] Smith v. Borchers, 243 La. 746, 146 So.2d 793; Miller v. Berthelotte, La.App., 346 So.2d 856; Toomer v. Kararick, La.App., 346 So.2d 858; Soniat v. State Farm Mut. Auto. Ins. Co., La.App., 340 So.2d 1097; Smith v. Trinity Universal Insurance Company, La.App., 270 So.2d 637; Neal v. Davenport, La.App., 270 So.2d 617; Gutelius v. Phoenix Insurance Company, La.App., 266 So.2d 717.
[3] Begnaud v. Texas & New Orleans Railroad Company, La.App., 136 So.2d 123; Kern v. Knight, La.App., 127 So. 133.
[4] Ginlee v. Helg, 251 La. 261, 203 So.2d 714; Thibodeaux v. Fireman's Fund Insurance Company, La.App., 325 So.2d 318; McInnis v. Fireman's Fund Insurance Company, La., 322 So.2d 155; Johnson v. State Farm Fire & Casualty Company, La.App., 303 So.2d 779; DeWese v. Hartford Accident & Indemnity Company, La. App., 295 So.2d 574.
[5] Bryant v. Johnson, La.App., 140 So.2d 758.
[6] Excessive speed under the circumstances would result in loss of any right of way plaintiff may have enjoyed. Bailey v. Hodge, La.App., 284 So.2d 799; Neal v. Davenport, supra, note 2; Johnson v. Employers' Liability Assurance Corp., La.App., 234 So.2d 200; Launey v. Smith, La.App., 192 So.2d 154.
[7] See note 6.
[8] Smith v. Borchers, supra, note 2; Miller v. Berthelotte, supra, note 2; Soniat v. State Farm Mut. Auto. Ins. Co. supra, note 2; Welch v. Mayhall, La.App., 325 So.2d 741; Chaisson v. J. Ray McDermott & Co., La.App., 324 So.2d 844; Mullins v. Travelers Insurance Co., La. App., 324 So.2d 613; Ortego v. State Farm Mut. Automobile Ins. Co., La.App., 295 So.2d 593.