LOTTINGER, Judge.
This is an action ex delicto. Joseph Corona, Jr. sued Jane Dunbar, wife of /and George Dunbar, and the Travelers Insurance Company for damages sustained as the result of an automobile accident. From judgment in favor of defendants, plaintiff has appealed.
FACTS
The suit arose from an automobile accident occurring July 19,1979 at the intersection of Nunez Road and Legendre Drive in St. Tammany Parish. The intersection is a wide-mouthed “Y” shape, with Nunez Road being the base and Legendre Drive (in a sweeping curve) forming both forks of the “Y.” The “Y” shape is not perfectly created, since the three branches do not meet at any specific central point, but rather form three distinct two-lane passageways which connect the three branches of the “Y.” In the middle of the three two-lane passageways (i.e., the exact center of the intersection) is a very large collection of loose gravel. The intersection has no traffic control devices whatsoever. Neither Nunez Road or Legendre Drive has a visible center stripe. Plaintiff was traveling along the right fork of the “Y” (Legendre Drive) in an easterly direction at 9:45 a. m. on the date of the accident, and as he approached the intersection, he attempted to execute a left turn onto Nunez Drive.
In the meantime, defendant, Jane Dunbar, was simultaneously traveling along Nunez Road in a southerly direction. As she approached the “Y”-shaped intersection, she attempted to execute a right turn onto that part of Legendre Drive composing the right fork of the “Y.”
*454 A collision of the two automobiles occurred at a point about halfway along the curving two-lane passageway which connected the base of the “Y” to the right fork. Because of shrubbery and trees, neither driver was able to see the other vehicle well until shortly before impact. Both drivers testified that they were traveling at speeds of about 15-20 miles per hour immediately before the accident.
Both vehicles sustained a moderate amount of property damage. The left front fender of defendant’s vehicle collided with the driver’s door of plaintiff’s vehicle. Mrs. Dunbar and her son Kirk, a passenger at the time of the accident, were not injured. Plaintiff did not experience any immediate injuries, but began a week later to experience severe back pain while bending over to get out of bed. His back condition grew progressively worse, ultimately resulting in surgery for disc removal. Subsequent to the first surgery, plaintiff was involved in another automobile accident. A second back surgery followed.
Plaintiff filed suit against Jane Dunbar, her husband, and their automobile liability insurer. Insurance coverage was not an issue at trial. George Dunbar was joined as a party defendant, because at the time of the accident, Mrs. Dunbar was taking Kirk to summer school, this being a community mission. The defendants filed a reconven-tional demand for damage to the Dunbar vehicle. The defendants also answered plaintiff’s demands with a general denial and urged the affirmative defense of contributory negligence as a bar to plaintiff’s recovery.
TRIAL COURT
The trial court found that the plaintiff failed to prove his case by a preponderance of the evidence, finding as fact that plaintiff was driving left of the center of the road when the accident occurred. Thus, the court held, the contributory negligence of plaintiff was as much a cause of the accident as was anything, and the court accordingly denied recovery.[1] The trial court further expressed doubt as to whether plaintiff’s injuries and symptoms were a result of the accident, in light of the fact that a week passed before plaintiff experienced any pain at all.
SPECIFICATIONS OF ERROR
Plaintiff-appellant, Joseph Corona, Jr., generally assigns as error the holdings of the trial court that he failed to prove his case by a preponderance of the evidence and that he was contributorily negligent.
MRS. DUNBAR
Testimony at trial conflicted partially as to where the Dunbar vehicle came to rest, which fact has a bearing on where the point of impact occurred. The force of the impact drove the left front fender of the Dunbar vehicle backward, causing the body of the car to jam against the left front tire. For this reason, it was undisputed that the Dunbar vehicle came to an immediate stop after impact; thus, the final resting place of the Dunbar vehicle largely determines the point of impact.
At trial, the investigating deputy sheriff drew a mark on an aerial photograph to locate the final resting place of the Dunbar vehicle. This mark would seem to put the Dunbar vehicle well into the lane of traffic traveled by the plaintiff. However, three persons (Kirk Dunbar, Chester J. Wynn, and Howard Atkins) who were at the scene of the accident prior to the deputy sheriff testified that the Dunbar vehicle came to rest with its right wheels completely off the right side of the road and a foot or more onto the shoulder. One such witness was Kirk Dunbar, who as the only eyewitness testified that at no time did his mother’s vehicle leave the right lane of travel. The trial court apparently lent credence to the testimony of the three witnesses that Mrs. Dunbar’s vehicle came to rest on the right side of the road. In light of the undisputed fact that Mrs. Dunbar’s ve- *455 hiele came to an immediate stop after impact, the trial court apparently came to the conclusion that Mrs. Dunbar’s vehicle was right of the center of the road when the impact occurred, despite the final resting position labeled by the deputy on the aerial photograph. After viewing the record in its entirety, we cannot say that this finding of fact is either manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Plaintiff-appellant argues that the actions of Mrs. Dunbar in attempting to execute a right turn from Nunez Road onto Legendre Drive were violative of La.R.S. 32:121 and thus constituted negligence per se. La.R.S. 32:121 reads:
“A. When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
“B. The right of way rule declared in Subsection A is modified at through highways and otherwise as hereinafter stated in this part.”
The intersection in question was not controlled by traffic lights or signs. Neither Nunez Road or Legendre Drive can be considered through highways;[2] they are streets of equal dignity. Both “T” and “Y” intersections are covered by La.R.S. 32:121. Carney v. State Farm Mutual Auto. Insur. Co., 335 So.2d 759 (La.App. 3rd Cir. 1976) app. den. 339 So.2d 20 (La.1976); Smith v. Trinity Universal Insurance Company, 270 So.2d 637 (La.App. 2nd Cir. 1972). Inasmuch as the two vehicles entered the intersection at approximately the same time, plaintiff, as the driver on the right, had the directional right-of-way under La.R.S. 32:121.
However, the fact that one driver may have had a directional right-of-way does not mechanically vest liability with the other driver; a determination of fault must be made by examining the conduct of both motorists under all the facts and circumstances. Zemo v. Louviere, 349 So.2d 420 (La.App. 4th Cir. 1977), writ ref. 351 So.2d 161 (La.1977); Gutelius v. Phoenix Insurance Company, 266 So.2d 717 (La.App. 4th Cir. 1972), writ ref. 263 La. 235, 267 So.2d 727 (1972). Plaintiff, on the right, attempted a left turn; defendant, on the left, attempted a right turn. The curve was only moderately severe and neither party was traveling at an excessive rate of speed. Under these circumstances both parties would ordinarily execute their respective turns without ever having to cross each other’s path. For this reason, the existence of a directional right-of-way in favor of plaintiff does not create fault on the part of Mrs. Dunbar. Even assuming a technical violation of La.R.S. 32:121, the circumstances clearly indicate that same was not a cause in fact of the accident, inasmuch as the Dunbar vehicle was never in a position to block or obstruct plaintiff’s directional right-of-way.
CONTRIBUTORY NEGLIGENCE
The trial court found that the actual cause of the accident was plaintiff’s failure to keep his car on the right side of the road as he executed his left turn. A review of the record bears out this finding.
Kirk Dunbar testified that as his mother’s vehicle rounded the curve, he saw plaintiff’s vehicle skidding at a perpendicular angle and blocking both sides of the roadway. Howard Atkins testified that tire skid marks ran for some distance along *456 Legendre Drive and gouge marks ran through the patch of gravel in the center of the intersection in the direction of the final resting place of the plaintiff’s vehicle. Atkins testified that these skid marks were well to the left of the center of the road. The investigating deputy maintained steadfastly at trial that his investigation revealed that plaintiff was driving left of center prior to and during his left turn onto Nunez Road, and his accident report reflects same. Finally, plaintiff admitted on cross-examination that he may have been about a foot left of center when the accident occurred (although he claims there was plenty of room for the Dunbar vehicle to go by him.) Additionally, the aerial photographs reveal that plaintiff had to travel a moderately severe left-to-right curve on Legendre Drive immediately before attempting to execute the left turn onto Nunez Road. This fact makes it extremely plausible that the plaintiff was not able to maneuver his ear to the right of center prior to entering the intersection and turning left.
The finding of the trial court as to plaintiff’s contributory negligence is well supported by the record, and is neither manifestly erroneous nor clearly wrong. Arceneaux and Canter, supra.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.

. The reconventional demand was not mentioned in the judgment or written reasons therefor, nor have either of the parties briefed or argued the issue on appeal.

. A “through highway” is defined by LSA-R.S. 32:1(80) as “every highway or portion thereof on which vehicular traffic is given preferential right of way, and at the entrances to which vehicular traffic from intersecting highways is required by law to yield the right of way to vehicles on such through highway in obedience to either a stop sign or a yield sign, when such signs are erected as provided in this Chapter.” This provision has been construed to mean that a highway does not become a “through highway” unless so designated by stop or yield signs erected in accordance with a statute or ordinance adopted by the appropriate authority. Neal v. Davenport, 270 So.2d 617 (La.App. 2nd Cir. 1972).